IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DANIEL ROYTMAN, an individual,

Plaintiff,

v.

CSAA GENERAL INSURANCE COMPANY, f/k/a AAA INSURANCE COMPANY, a Foreign for Profit Corporation;

Defendant(s).

Case No.:
Honorable Judge:

**DISTRICT COURT FILED FEB - 4 2015**
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MARY F. FITZGERALD
CJ-2015 00488

ATTORNEY LIEN CLAIMED

## PETITION

COMES NOW the Plaintiff, Daniel Roytman, by and through his attorney of record, Donald E. Smolen, II, of Smolen, Smolen & Roytman, PLLC, and for his cause of action against the Defendants' CSAA General Insurance Company, f/k/a AAA Insurance Company, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff at all times relevant hereto was a resident of Tulsa County, Oklahoma.

2. Defendant CSAA General Insurance Company, f/k/a AAA Insurance Company (herein collectively referred to as "Defendant AAA" or "AAA"), is a foreign for profit corporation regularly conducting business in Tulsa County, Oklahoma.

3. The accident and injury that give rise to this litigation occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.



1

## FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or around September 20, 2013, Plaintiff was injured in a motor vehicle accident due to the negligence of a third party.

7. ~~Plaintiff sustained serious bodily injury as a result of this accident.~~

8. The force exerted on Plaintiff's vehicle caused severe damage to Plaintiff's vehicle.

9. The third party who caused this accident drove away from the scene t and was never identified.

10. This situation is considered a "hit-and-run" under the applicable policy.

11. Plaintiff reported this accident to the police within twenty-four (24) hours as required by the applicable policy.

12. The vehicle Plaintiff was operating at the time of this accident was covered under a policy of uninsured/underinsured motorist ("UM") coverage with AAA.

13. Plaintiff advised AAA of his intent to pursue a claim for UM benefits under the applicable policy. AAA advised Plaintiff that it would require signed medical authorizations for all healthcare providers treating Plaintiff in regards to this accident. Plaintiff provided Defendant AAA with signed medical authorizations for each healthcare provider Plaintiff received treatment from in regards to this accident.

14. A representative of AAA, Cory Davis, was assigned to Plaintiff's UM claim and advised Plaintiff to notify AAA and/or Mr. Davis when Plaintiff was finished receiving treatment for his injuries.

15. Plaintiff submitted a UM demand to AAA and the UM adjustor, Cory Davis, on August 1, 2014. Included with this demand was an itemized copy of all applicable medical bills and records. Plaintiff requested Defendant either pay the value of the claim within (60) days, or advise of any additional documentation that was needed.

16. Although Plaintiff has not yet finished medical treatment, and in fact has been given a surgical recommendation by his treating physician, he is unable financially to receive said surgery due to Defendant's continued failure to pay the UM benefits so clearly owed.

17. On September 17, 2014, Cory Davis acknowledged Plaintiff's demand and requested an additional medical authorization for unrelated medical treatment Plaintiff received in 2010. Plaintiff immediately submitted a medical authorization per Defendant's request.

18. On October 1, 2014, Plaintiff requested an update on his UM demand as 60 days had passed from the initial demand. On the same date, Cory Davis advised Plaintiff that he had sent out medical authorizations on September 19, 2014, that he usually gave medical providers thirty (30) days to respond but would try to expedite the process based on the severity of Plaintiff's condition.

19. On November 24, 2014, Defendant AAA sent Plaintiff a letter stating they could not evaluate the claim because they needed a medical authorization for St. Francis Urgent Care, despite Plaintiff having already provided said medical authorization to AAA in his August 1, 2014 UM demand.

20. On January 29, 2015, Defendant AAA made an offer of uninsured motorists benefits in an amount less than the past and future medical expenses incurred by Plaintiff in the amount of $64,744.98 to settle his claim.

21. As of the date of this filing, Plaintiff has incurred past and future medical expenses in the amount of $116,613.00.

## CAUSES OF ACTION

### COUNT I. BREACH OF CONTRACT

22. Paragraphs 1-21 are incorporated herein by reference.

23. Plaintiff, through operation of Oklahoma law, had a policy of uninsured/underinsured motorist coverage with AAA on the vehicle driven by him at all times relevant hereto.

24. That, at the time of the accident, the third party liable for said accident was uninsured by operation of law.

25. That pursuant to the terms of the policy of insurance with AAA this is a factual situation wherein the uninsured/underinsured motorist coverage contained in said policy with Defendant AAA applies to the accident involving Plaintiff.

26. Plaintiff has requested AAA tender payment under said policies and Defendant has failed to tender said payment in connection with said policies. Plaintiff has performed all conditions precedent under the policy.

27. Defendant has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages. Said failure constitutes a breach of contract of said insurance policy, and Plaintiff is entitled to a judgment against Defendant AAA for the personal injuries sustained while covered by such contract.

## COUNT II. BAD FAITH

28. Paragraphs 1-27 are incorporated herein by reference.

29. Plaintiff had a policy of uninsured/underinsured motorist coverage with AAA on the vehicle driven by him.

30. Plaintiff has requested AAA tender any and all applicable polices of uninsured/underinsured motorist coverage.

31. On January 29, 2015, Defendant made Plaintiff an offer of uninsured motorists benefits in an amount less than the past and future medical expenses incurred by Plaintiff.

32. In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached its duty to deal fairly and in good faith towards Plaintiff and others in the following respects:

    a.    Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

    b.    Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

    c.    Unreasonably delaying payment of some benefits without a reasonable basis;

    d.    Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

    e.    Intentionally and recklessly misapplying the provisions of the insurance policy;

    f.    Failing to properly investigate the Plaintiff's claim for benefits;

g. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

h. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff; and

i. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

33. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

## COUNT III. PUNITIVE DAMAGES

34. Paragraphs 1-33 are incorporated herein by reference.

35. The intentional, wanton and reckless conduct of Defendant in disregard of Plaintiff and others is, and was, conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of its actions upon Plaintiff and others.

36. That such actions, or lack thereof, were not only detrimental to the Plaintiff but to the public in general.

37. Defendant has acted intentionally, maliciously and in reckless disregard of the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN, PLLC**

Donald E. Smolen, II, OBA #19944
701 S. Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax
*Attorneys for Plaintiff*